An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

KIMALA RENELL AYONNA KIMBLE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64312

FILED

JUN 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1]  Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

In her petition filed on July 2, 2013, appellant claimed that she received ineffective assistance of trial counsel.  To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*).  To demonstrate prejudice regarding the decision to enter a guilty plea, a petitioner must demonstrate a reasonable probability that, but for counsel's errors,

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19154

petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004).

First, appellant claimed that her counsel failed to advise her of the possible punishments. She claimed that her counsel failed to inform her of the consequences of habitual criminal adjudication prior to her acceptance of plea negotiations and waiver of the preliminary hearing. Appellant also appeared to claim that trial counsel should have objected to the State's failure to file a notice of habitual criminality prior to her waiver of the preliminary hearing. Appellant failed to demonstrate that her trial counsel's performance was deficient or that she was prejudiced. Appellant was informed in the written guilty plea agreement and during the plea canvass that the State was retaining the right to argue for habitual criminal treatment and the possible sentences for burglary and the habitual criminal enhancement. The criminal information contained notice of the State's intention to seek habitual criminal treatment. *See* NRS 207.010(2) (providing that a count of habitual criminality may be included in the information). No statutory authority requires the State to file a notice of its intention to seek habitual criminal treatment prior to the filing of an information in the district court.[2] Therefore, the district court did not err in denying this claim.

_____

[2]We note that appellant was further informed of the State's intention to seek habitual criminal adjudication during the hearing on the waiver of the preliminary hearing.

Second, appellant claimed that her trial counsel failed to inform her that if the jury found her not guilty of burglary that she could not be adjudicated a habitual criminal. Appellant failed to demonstrate that her trial counsel's performance was deficient or that she was prejudiced. Appellant's belief that she could not be adjudicated a habitual criminal if she were to be found not guilty of burglary is mistaken. Appellant was originally charged with felony-level theft and she was bound over to the district court on this charge, as well as two burglary charges. The theft charge and the additional burglary charge were subject to habitual criminal adjudication. *See* NRS 207.010. Therefore, we conclude that the district court did not err in denying this claim.

Third, appellant claimed that her trial counsel failed to advise her that she could have entered a guilty plea to a lesser, similar crime. Appellant failed to demonstrate that her trial counsel's performance was deficient or that she was prejudiced. In entering her guilty plea, appellant acknowledged that she had discussed any possible defenses, defense strategies, and circumstances in her favor. Therefore, the district court did not err in denying this claim.

Fourth, appellant claimed that her trial counsel failed to object to surplusage in the guilty plea agreement. Specifically, she claimed that language that suggested she would forfeit any weapons, when no weapons were alleged in this case, painted her in a bad light for parole purposes. Appellant failed to demonstrate that had her trial counsel objected to this language that there was a reasonable probability of a different outcome at sentencing or that she would not have entered a guilty plea. The language in question does not state that she had weapons

just that any weapons seized or impounded would be subject to forfeiture. Therefore, the district court did not err in denying this claim.[3]

Fifth, appellant claimed that her trial counsel failed to include in the guilty plea agreement that the remaining three counts were being dismissed. Appellant failed to demonstrate that her trial counsel's performance was deficient or that she was prejudiced. Appellant entered a guilty plea to only one count of burglary. While the justice court bound appellant over to the district court on 4 charges, only the burglary count was set forth in the information filed in the district court pursuant to the plea agreement. Therefore, we conclude that the district court did not err in denying this claim.

Sixth, appellant claimed that her trial counsel was ineffective for negotiating a guilty plea without reviewing the presentence investigation report. Appellant claimed that trial counsel was unaware of her criminal history without a presentence investigation report. Appellant failed to demonstrate that her trial counsel's performance was deficient or that she was prejudiced because the presentence investigation report is not available prior to entry of a guilty plea. *See* 176.135(1). Therefore, we conclude that the district court did not err in denying this claim.

---

[3]To the extent that appellant claimed that her counsel failed to object to a statement in the plea agreement that her offense was probationable, appellant failed to demonstrate that her counsel was ineffective in this regard as the offense of burglary is probationable. *See* NRS 205.060; NRS 176A.100(1). Appellant is correct that a person who is adjudicated a habitual criminal is not eligible for probation, see NRS 176A.100(1), but the plea agreement informed her of the possible punishments for burglary without a habitual criminal enhancement and burglary with the habitual criminal enhancement. As such, there was no objectionable error in the plea agreement.

Finally, appellant claimed that the habitual criminal adjudication was invalid because there was not a proper canvass at the preliminary hearing and there was no written notice prior to the preliminary hearing. These claims fell outside the scope of claims permitted in a post-conviction petition for a writ of habeas corpus challenging a judgment of conviction based upon a guilty plea. *See* NRS 34.810(1)(a). Therefore, we conclude that the district court did not err in denying this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:     Hon. Valorie J. Vega, District Judge
        Kimala Renell Ayonna Kimble
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk